William P. Ramey, III
Utah Bar No. 10901
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
wramey@rameyfirm.com
*Attorneys for Flick Intelligence, LLC*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **FLICK INTELLIGENCE, LLC,**<br>     Plaintiff,<br><br>v.<br><br>**LUCID SOFTWARE INC.,**<br>     Defendant | Civil Action No. 2:25-cv-00868<br><br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Flick Intelligence LLC ("Plaintiff" or "Flick") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,459,762 ("the '762 patent") (referred to as the "Patent-in-Suit") by Defendant Lucid Software Inc.

**I.   THE PARTIES**

1.   Plaintiff is a New Mexico Limited Liability Company with its principal place of business located in New Mexico.

2.   Defendant is a corporation formed according to the laws of the State of Delaware. Defendant has a regular and established business at 10355 S Jordan Gateway, Suite 300, South Jordan, UT 84095. Defendant can be served through Defendant's registered agent, Corporation Service Company, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101, at Defendant's regular and established business, or wherever else Defendant may be found.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in this District, and otherwise has directed infringing activities to this District in connection with its products and services.

## II.     JURISDICTION AND VENUE

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Product(s) in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, inter alia, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the District of Utah has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Utah.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Utah.

7. Defendant has committed acts of infringing the patent-in-suit within this District and the State of Utah by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Utah, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and methods into this District and the State of Utah. Defendant regularly conducts and solicits business in, engages

in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Utah.

8. This Court has personal jurisdiction over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Utah and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Utah and this District. This Court has personal jurisdiction over Defendant, at least in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the District of Utah that Defendant knew would be used within this District, and by soliciting business from the residents of the District of Utah. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business of paragraph 2 of this Complaint, and directly and through agents regularly does, solicits, and transacts business in the District of Utah. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Utah.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's website (https://help.lucid.co/hc/en-us/articles/360049440972-Get-started-guide#lucid-visual-collaboration-suite) and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at its principal and regular and established place of business.

### III.     INFRINGEMENT OF THE '762 PATENT

12. Paragraphs 1-11 are incorporated herein by reference.

13. On October 4, 2016, the '762 patent (included as Exhibit A and part of this complaint) entitled "Methods, Systems and Processor-Readable Media for Bidirectional Communications and Data Sharing," was duly and legally issued by the U.S. Patent and Trademark Office. Flick Intelligence, LLC, owns the '762 patent by assignment.

14. The '762 patent relates to novel and improved methods, systems, and processor-readable media for supporting bidirectional communications and data sharing.

15. Defendant offers for sale, sells and manufactures device(s), including but not limited to, Passthrough and related systems that infringe one or more claims of the '762 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '762 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change. An Accused Instrumentality is Defendant's **Visual Collaboration Suite** as shown in Exhibit B.

17. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of smart glasses and related systems through its website and product instruction manuals) such as to cause infringement of one or more of claims 1-20 of the '762 patent, literally or under the doctrine of equivalents. (*See e.g.*, <https://help.lucid.co/hc/en-us/articles/360049440972-Get-started-guide#lucid-visual-collaboration-suite>.) For the avoidance of doubt, direct infringement is previously alleged in this complaint.

18. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of smart glasses and related systems through its website and product instruction manuals) such as to cause infringement of one or more of claims 1-20 of the '762 patent, literally or under the doctrine of equivalents. (*See e.g.*, <https://help.lucid.co/hc/en-us/articles/360049440972-Get-started-guide#lucid-visual-collaboration-suite>.) For clarity, direct infringement is previously alleged in this complaint. The product's and services' only reasonable use was an infringing use and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website and

Exhibit B, Defendant offered the products and/or service with instruction or advertisement that suggests an infringing use.

19. Defendant has caused Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '762 patent.

**IV. CONDITIONS PRECEDENT**

20. Plaintiff has never sold a product. Upon information and belief, Plaintiff's predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

21. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents.

22. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patent-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which

Section 287(a) would apply.  Further, Defendant has failed to allege any defendant entity produced a patented article.

23. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

24. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

25. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing.  Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

V.    **JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare Defendant's pre lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional;

e. provided discovery reveals that Defendant (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an

    amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.    award Plaintiff such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **RAMEY LLP**

        */s/William P. Ramey III*
        William P. Ramey, III
        Utah Bar No. 10901
        5020 Montrose Blvd., Suite 800
        Houston, Texas 77006
        (713) 426-3923 (telephone)
        wramey@rameyfirm.com

        ***Attorneys for Flick Intelligence, LLC***